# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELIZABETH PARK,<br><br>                Plaintiff,<br><br>v.<br><br>HARI KRISHNA MCFARLAND, INC., D/B/A MARCO'S PIZZA #8162, AND JOHN DOE,<br><br>                Defendants. | 1:17-cv-2050-WSD |
| ELIZABETH PARK,<br><br>                Plaintiff,<br><br>v.<br><br>HARI KRISHNA MCFARLAND, INC., D/B/A MARCO'S PIZZA #8162, AND BENJAMIN KRUKE,<br><br>                Defendants. | 1:17-cv-2590-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Elizabeth Park's ("Plaintiff") Motion for Leave to File Amended Pleadings to Substitute a Party Defendant [8] ("Motion to Substitute Party") and Plaintiff's Motion to Consolidate Two Cases That Arise From the Same Facts and Circumstances [12] ("Motion to Consolidate").

**I.     BACKGROUND**

There are two actions before the Court brought by Plaintiff. In both, Plaintiff states identical facts and asserts identical claims for federal race discrimination in violation of 42 U.S.C. §§ 1981 and 2000a(a), conspiracy in violation of 42 U.S.C. § 1985, and intentional and negligent infliction of emotional distress.

On June 5, 2017, Plaintiff filed the first action, 1:17-cv-2050, (the "2050 Action") against Hari Krishna McFarland, Inc. d/b/a Marco's Pizza #8162 ("Marco's Pizza") and John Doe. Plaintiff named John Doe as a defendant because she did not know the name of the employee who allegedly discriminated against her and caused her emotional distress. (Motion to Substitute Party at 5-6). When Defendant Marco's Pizza filed its Answer and Certificate of Interested Persons in the 2050 Action, Plaintiff contacted Marco's Pizza's counsel, who identified John Doe as Benjamin Kruke. (Id. at 6). On July 10, 2017, the second anniversary of the incident, Plaintiff filed her Motion to Substitute Party and her second action, 1:17-cv-2590, (the "2590 Action"), against Hari Krishna McFarland, Inc. d/b/a Marco's Pizza #8162 and now naming Benjamin Kruke as a defendant. Plaintiff filed the 2590 Action "out of an abundance of caution" because she thought the Court would not be able to rule on the Motion to

Substitute Party before the two-year statute of limitations expired. (Motion to Consolidate at 2-3). Plaintiff, besides moving to substitute Benjamin Kruke for John Doe in the 2050 Action, also moves to consolidate the 2050 and 2590 cases. The Motion to Substitute Party and Motion to Consolidate are unopposed by Defendants.

**II. DISCUSSION**

 A. <u>Substitution of Party Defendant</u>

"As a general matter, fictitious-party pleading is not permitted in federal court." <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010). Fictitious party pleading is allowed only in the limited case when a plaintiff's description of a fictitious defendant is specific enough to identify an actual person, although the name of the person is unknown. <u>Dean v. Barber</u>, 951 F.2d 1210, 1215-16 (11th Cir.1992); <u>see also</u> <u>Richardson</u>, 598 F.3d at 738. "One may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly." <u>Dean</u>, 951 F.2d at 1215-1216.

Plaintiff's use of fictitious pleading here is improper. Plaintiff states in the 2050 Complaint that a male employee working at one of Defendant Marco's Pizza's stores assisted her in ordering a pizza "on or about July 10, 2015." (2050 Action Complaint at 2). Plaintiff provides no additional details. Plaintiff's

description of an individual defendant does not meet the requirement of the exception to the rule prohibiting pleading fictitious parties. It is unclear how many other employees were working at the pizza store on the day the incident occurred or when Plaintiff interacted with the fictitious "John Doe" defendant. Plaintiff's description did not put the real "John Doe," Benjamin Kruke, on notice of the lawsuit. In <u>Moulds v. Bullard</u>, 345 Fed. App'x 387, 390, 2009 WL 2488182, at *2 (11th Cir. 2009), the Eleventh Circuit affirmed the dismissal of "John Doe" defendants where the plaintiff "completely failed to describe some of [them]" and "gave general descriptions of others." The description here is even more uncertain.

Defendant John Doe is dismissed from the 2050 Action. Plaintiff's Motion to Substitute Party is moot.[1]

---

[1] Even if the Court granted Plaintiff's Motion to Substitute Party, the substitution would not relate back to the filing of Plaintiff's 2050 Action Complaint. The Plaintiff's claim against Benjamin Kruke would be considered filed as of July 10, 2017. The Eleventh Circuit makes clear that relation back to the original pleading is not permitted for "John Doe" defendants. <u>Williams v. Barrett</u>, 1:05-cv-2569-TWT, 2008 WL 476122, at *4 (N.D. Ga. Feb. 13, 2008) (citing <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1103(11th Cir. 1999) (holding *pro se* inmate's lack of knowledge regarding the identities of the deputy sheriffs was not a mistake concerning the identity of the proper party, and thus, the inmate's amendment to a § 1983 complaint arising from a beating by fellow inmates, to replace "John Doe" deputy sheriffs with specifically-named defendants, did not relate back to the original complaint) (overruled on other grounds by <u>Manders v. Lee</u>, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003))); <u>see also</u> <u>Johnson v. Aegon USA, Inc.</u>, 355 F. Supp. 2d 1337, 1348 (N.D. Ga. Sept. 20, 2004) (holding "an

B. Consolidation of the Actions

Rule 42 of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "A district court's decision under Rule 42(a) is purely discretionary," but trial judges are encouraged to use the rule "to expedite the trial and eliminate unnecessary repetition and confusion." Melgarejo v. Nationstar Mortgage LLC, No. 1:12-CV-01494-RWS, 2012 WL 5077363, at *1 (N.D. Ga. Oct. 17, 2012) (quoting Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

The 2590 Action should be consolidated into the 2050 Action.[2] The complaints in these actions raise the same or substantially similar claims, arise out of the Defendants alleged federal discrimination and infliction of emotional

---

amended complaint replacing a 'John Doe' defendant with that defendant's correct name does not relate back under Rule 15(c)(3)").

[2] "[A]ctions do not lose their separate identity because of consolidation under Rule 42(a)(2). Moreover, because actions consolidated under Rule 42(a)(2) retain their separate identity, the consolidation procedure does not raise the prospect of relation back." See, generally, Wright & Miller, Federal Practice and Procedure: Civil § 2382; see also, Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496 (1933); A.L. Williams & Associates, Inc. v. D.R. Richardson & Associates, Inc., Civ. A. No. C82-138A, 98 F.R.D. 748, 754 (N.D. Ga. Aug. 18, 1983).

distress claims.  See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (11th Cir. 1995) (The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)).  The Court directs the Clerk of Court to consolidate the 2590 Action with the 2050 Action, and to administratively close the 2590 Action.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that John Doe be dismissed as a defendant in the June 5, 2017 Action, 1:17-cv-2050.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute is **DENIED AS MOOT** and Plaintiff's Motion to Consolidate is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court consolidate Civil Action No. 1:17-cv-2050 with Civil Action No. 1:17-cv-2590.  The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** Civil Action No. 1:17-cv-2590.  The parties shall file pleadings, motions, or other papers only in Civil Action No. 1:17-cv-2050.

**SO ORDERED** this 22nd day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE